## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>Plaintiff,<br><br>vs.<br><br>**FRANK JOSEPH GUMATAOTAO REYES JR.,**<br><br>Defendant. | CRIMINAL CASE NO.: **CF0723-24-01**<br><br>**DECISION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT AND INDICTMENT** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 1, 2025, for a motion hearing on Defendant Frank Joseph Gumataotao Reyes, Jr.'s ("Mr. Reyes") Motion to Dismiss the Superseding Indictment and Indictment. Present at the hearing were Assistant Attorney General John David Griffin on behalf of the People of Guam ("the People"), and Attorney Heather Quitigua on behalf of Defendant Reyes. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING the Motion to Dismiss the Indictments.

### BACKGROUND

Defendant Reyes faces charges stemming from alleged events occurring on or about September 8 to September 9, 2024 in Guam. The indictment in this case was originally filed on October 22, 2024, and a superseding indictment was charged and filed on April 14, 2025. In the original indictment, Mr. Reyes was charged with arson, desecration, obstructing

government function, and destruction of evidence. In the Superseding Indictment, Mr. Reyes is charged with Complicity to Commit Aggravated Murder, Complicity to Commit Murder, Conspiracy to Commit Aggravated Murder, Conspiracy to Commit Murder, and Complicity to Commit Aggravated Assault, in addition to the charges in the original indictment. Defendant Reyes filed his Motion to Dismiss the Superseding Indictment and Indictment on April 25, 2025. The People of Guam filed its Opposition on May 30, 2025, and Defendant Reyes filed his Reply on June 4, 2025. This Court dismissed Special Prosecutor Attorney Curtis Van de veld from this case on June 23, 2025, in part because of inappropriate testimony before the Grand Jury for the superseding indictment against Mr. Reyes. On July 1, 2025, the Court heard arguments on the Motion to Disqualify and placed the matter under advisement.

## DISCUSSION

Title 8, Guam Code Annotated, Chapter 50 governs grand jury proceedings in Guam. A grand jury's function is "to inquire into felonies and any related misdemeanors triable by the court." 8 G.C.A. § 50.10. The grand jury "*shall* find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54 (emphasis in original). The indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges. *People v. Taisacan*, 2018 Guam 23 ¶ 29; *Guam v. San Nicolas*, 2013 Guam 21 ¶ 12. The Guam Supreme Court has found that "reasonable cause" and "probable cause" are equivalent in meaning and requires the grand jury to base its indictment upon "such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused.'" *San Nicolas* at fn. 5 (quoting *People v. Brice*, 44 Cal. Rptr. 231, 240 (Ct. App. 1965)).

At issue before the Court is whether the Indictments in this case were based on sufficient competent evidence as is required by 8 GCA § 50.42. Under Guam law, a grand jury is only to receive competent evidence. However, if a grand jury receives evidence that is not competent, the indictment is not rendered void, as long as there is "sufficient competent evidence to support the indictment" that was received by the grand jury. 8 GCA § 50.42. Defendant's Motion asks this Court to dismiss all of the charges against him as set forth in the Indictments because "no competent evidence was presented to either jury." Specifically, Defendant argues that the Grand Jury for the Superseding Indictment received only hearsay testimony because "the testifying police officer [and] the putative special prosecutor [were] not competent to testify because their testimony was not within their personal knowledge" and consisted largely of reading a police report. According to Defendant, such testimony is not "competent evidence" as required under Title 8, Guam Code Annotated, Chapter 50. The main inquiry here therefore becomes how Guam precedent has defined "competent evidence" under this statute, and whether a grand jury receiving hearsay evidence, or evidence given by witnesses without personal knowledge, can be considered "competent evidence."

Defendant invites the Court to exercise its inherent supervisory authority to dismiss both the Indictments in this case because, Defendant argues, both grand juries heard only hearsay evidence, and the grand jury for the superseding indictment received inappropriate testimony from the putative special prosecutor. As part of this request, Defendant urges this Court to declare that hearsay is never competent evidence under Guam law, whether the evidence is presented in a civil or criminal trial or to the grand jury pursuant to Section 50.42. The Defendant further asks this Court to overrule the grand jury's finding of probable cause to sustain the Indictments against Defendant. For the reasons set forth herein, this Court declines to do so.

## I. Competent Evidence Under 8 GCA § 50.42

The Court finds that, contrary to Defendant's arguments otherwise, existing Guam legal authority has taken the definition of "competent evidence" in Section 50.42 to include hearsay evidence. *See, People v. Quidachay*, 1986 WL 68912 *2 (Guam D.Ct.App.Div. 1986)(hearsay evidence is not necessarily incompetent for the limited purpose of being presented to the Grand Jury; "hearsay, though not admissible over objection at trial, will be regarded as sufficient to establish a fact")(citing *Nalley's Inc. v. Corena Processed Foods, Inc.*, 240 Cal.App.2d 948, 50 Cal.Rptr. 173, 175 (1966)).

The Supreme Court of the United States made this declaration in *Bracy v. U.S.*, 435 U.S. 1301, 98 S.Ct. 1171 (1978), which remains good law today:

> Because it seems to me that applicants misconceive the function of the grand jury in our system of criminal justice, I cannot conclude that four Justices of this Court are likely to vote to grant their petition [for a stay of the judgment of conviction]. *The grand jury does not sit to determine the truth of the charges brought against a defendant, but only to determine whether there is probable cause to believe them true, so as to require him to stand his trial.* Because of this limited function, we have held that an indictment is not invalidated by the grand jury's consideration of hearsay, *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), or by the introduction of evidence obtained in violation of the Fourth Amendment, *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). *While the presentation of inadmissible evidence at trial may pose a substantial threat to the integrity of that factfinding process, its introduction before the grand jury poses no such threat.* I have no reason to believe this Court will not continue to abide by the language of Mr. Justice Black in *Costello* [citation omitted]: "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."

*Bracy* at 1302 (emphasis added). Indeed, Rule 1101 of the Guam Rules of Evidence (2004) specifically exempts grand jury proceedings from the application of rules of evidence (except privileges) otherwise applicable to civil actions and proceedings, criminal cases and proceedings and contempt proceedings (except those in which the court may act summarily). GRCP Rule 1101 (a), (c)(2).

In this case, the Defendant asks this Court to find that the testimony of two witnesses who were not personally involved in the investigation of the offenses with which Defendant was charged is not "competent evidence" under 8 GCA § 50.42. While the prosecution may have arguably presented "better" evidence, in the opinion of the movant, to the grand jury, the conclusion it begs the Court to reach is not supported by well-established legal authority and Defendant does not provide any case law which supports such a finding.

The Guam Supreme Court has never been called to address the issue where the trial court overturned a grand jury's finding of probable cause — which is what Defendant asks the court to do here. However, in ruling that a trial court did not act inappropriately in inquiring whether a grand jury was apprised of facts that constitute elements of an offense, the Supreme Court declared that "the trial court cannot substitute its own conclusions about the evidence for the actions of the grand jury." *San Nicolas, supra*, at fn. 8. The Court finds no reason to divert from this principle of law now.

Support for leaving the determination of a grand jury undisturbed is established by the holding of the Supreme Court of the United States in *Costello v. U.S.*, 350 U.S. 359, 364 (1956). In that case, the Supreme Court found that allowing trial courts to review the findings of a grand jury "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello* at 364. In that vein, the *Costello* court opined: "No case has been cited nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof...". *Costello* at 362- 363 (quoting *U.S. v. Reed*, 27 Fed.Cas. pages 727, 738, No. 16, 134)(1852)). Citing *Costello*, the Ninth Circuit Court of Appeals in *People of Guam v. Quidachay*, 815 F.2d 1311 (9th Cir. 1987), declared that "'[t]he [United States] Supreme Court has held that there is no constitutional prohibition against presenting hearsay to a grand

jury or against hearsay forming the basis for an indictment." *Quidachay*, 815 F.2d at 1312. *Costello* and *Quidachay* remain good law today and, importantly, "are precedent binding on the trial courts and considered persuasive authority." *Nicholson v. Superior Court of Guam*, 2007 Guam 9 (citing *People v. Quenga*, 1997 Guam 6 ℙ 13 n. 4). Thus, despite Defendant's arguments, the state of the law remains that which was established by *Costello*: hearsay, when considered by a grand jury, is "competent evidence" for the purposes of 8 GCA § 50.42.

In his Motion, Defendant has requested that this Court ignore established precedent from the Ninth Circuit in *People v. Quidachay*, 1986 WL 68912 *2 (Guam D.Ct.App.Div. 1986) and *People of the Territory of Guam v. Garrido*, 1984 WL 48828 (D.Ct.Guam App. 1984), aff'd and remanded by *People of Territory of Guam v. Garrido*, 752 F2d. 1378 (9th Cir. 1985) as unsupported in Guam law because the Guam Supreme Court has "rejected the notion of such federal interpretations as necessarily controlling." Motion to Dismiss the Superseding Indictment and Indictment (Apr. 25, 2025) at 14. Defendant points to note 4 in *People v. Quenga*, 1997 Guam 6 ℙ 13 for support in this assertion, despite this note actually making the opposite contention. In the note, the Guam Supreme Court states:

> ...[the Guam Supreme Court] does not recognize the decisions of the Appellate Division as controlling *our* construction of law. We consider its opinions as precedent that is *binding upon the trial courts of Guam*, but these decisions, like those of the Court of Appeals, are considered persuasive authority when *we* [the Guam Supreme Court] consider an issue...It should be underscored that the creation of the Supreme Court of Guam *did not erase pre-existing case law*. Precedent that was extant when we became operational continues unless and until *we* [the Guam Supreme Court] address the issues discussed there. We will not divert from such precedents unless reason supports such deviation.

*People v. Quenga*, 1997 Guam 6 ℙ 13, n. 4 (emphasis added). As stated in this note, the Superior Court of Guam, where this Motion currently sits, does not have any authority to disregard decisions of the Appellate Division, and *Quidachay* and *Garrido* are still binding precedent in the trial courts of Guam because the Guam Supreme Court has not addressed these particular issues differently.

The Defendant further urges the Court to disregard *Quidachay* and *Garrido, supra,* as "poorly reasoned, unsupported in law, and wrongly decided," and argues that the Appellate Division "impermissibly overstepped the bounds of well settled rules of statutory construction by ignoring the plain wording of the statute and clouding the unambiguous statutory text with purported legislative history and tortured interpretations of the language itself." Mot. at 14 (citations omitted). While the Court in *Quidachay* does discuss the Compiler's Note under 8 GCA § 50.42, the rule in *Quidachay* was based on the appellate court's earlier decision on the same issue in *People of the Territory of Guam y. Garrido,* 1984 WL 48828 (D.Ct.Guam App. 1984), aff'd and remanded by *People of Territory of Guam v. Garrido,* 752 F2d. 1378 (9th Cir. 1985)(discussing its rationale in *Garrido* rejecting defendant's contention that an indictment cannot be supported by hearsay, citing to Supreme Court rulings in *Costello* and *Short*)(citations omitted)). Thus, *Quidachay* and *Garrido* were not founded upon the Compiler's Note under the annotated statute, but rather upon a reliance on controlling precedent of the Supreme Court of the United States in *United States v. Costello,* 350 U.S. 359, 363, 76 S.Ct. 404, 406, 100 L.Ed. 397 (1956). See *Quidachay* at *2; *Garrido* at *2. The appellate court in both *Quidachay* and *Garrido* cited to the Ninth Circuit Court of Appeals case of *United States v. Short,* 493 F.2d 1170, 1173 (9th Cir. 1974) for support of its ruling that hearsay is admissible before the grand jury. This Court does not have the authority to disregard good, controlling law established for nearly four decades just because Defendant believes it to be "poorly reasoned."

As the court in *Quidachay* stated, referring to *Costello,* the function of a grand jury is only to determine whether evidence is sufficient to charge a person with a crime. The *Costello* court interpreted the meaning of "competent evidence" to create minimal restrictions of reliability. The Ninth Circuit considering *Quidachay* developed the standard further by stating that if the evidence is such that a reasonable person would rely upon, then it is competent

within the meaning of the statute. *People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). The Court continues to be bound by this precedent. While the evidence presented by the witnesses in the grand jury was likely not based on firsthand knowledge, it was the type of information upon which a reasonable person could rely, and hearsay, as discussed above, is competent evidence in a grand jury in Guam.

The Court finds that "sufficient competent evidence to support the indictment" under 8 GCA § 50.42 was received by the grand jury, and therefore declines to dismiss the indictments.

## II. Alleged Prosecutorial Misconduct is Not a Legal Basis for Dismissing Indictment

Defendant requests that this Court dismiss the superseding indictment "as a sanction for the prosecutions repeated use of excessive hearsay in violation of the statute, the putative special prosecutor's improper testimony, and to deter any such future conduct." Mot. at 20. Defendant asserts that he "was denied the benefit of protections given to him by the statute, in violation of his due process rights." Specifically, defense counsel identifies the following problems with the evidence presented to the grand jury: the prosecution presented a playback of witnesses as to what was contained in the police report; the putative special prosecutor improperly testified and provided his opinions and commentary as to the credibility and weight of evidence; putative special prosecutor had no personal knowledge of events; no additional knowledge was sought and no witnesses who made statements testified; no independent investigation was performed by the grand jury; and evidence was at least "uncertain." According to defense counsel, the grand jury "relied on unreliable, multiple layers of hearsay." Mot. at 18.

While the Court agrees with Defendant's characterization of the role of a Prosecutor and special obligations that are included therein, the Court declines to dismiss the superseding indictment "as a sanction" for alleged improper testimony. The Court has already addressed

the alleged prosecutorial misconduct by granting Defendant's Motion to Disqualify Putative Special Prosecutor, and believes that this is a sufficient sanction that does not infringe upon the character of grand jury proceedings.

Neither the statutes governing grand jury proceedings nor any other Guam law requires the grand jury to conduct its proceedings in any specific manner. According to Guam law, the grand jury shall find an indictment "when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (b). 8 G.C.A. Section 50.18 (b) further prohibits the court from interfering with the grand jury process.

Most importantly, there is no claim here that the testimony presented to the grand jury was false. Defense counsel terms the testimony as "uncertain," "unreliable, multiple layers of hearsay" and contends that the presentation of this evidence to the grand jury somehow denied Defendant Reyes "the benefit of protections given to him by the statute, in violation of his due process rights," but fails to establish how due process was denied. Mot. at 18. Defendant also failed to present any relevant case authority in support of this basis as grounds to grant the motion to dismiss. Therefore, the Court rejects this contention and denies the motion to dismiss the indictments.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss the Superseding Indictment and Indictment.

SO ORDERED, this 30th day of July 2025.

SERVICE VIA E-MAIL

acknowledge that an electronic
Copy of the original was e mailed to

AG, H. Quitrgura

Date 7/30/25 Time 11:54pm

Albert Cardu m

Deputy clerk, Superior Court of Guam

HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam